Caruthers, J.,
delivered the opinion of the Court.
This case raises a disputed question of fact, as well as a question of law, upon the doctrine of descents and distributions.
The bill is filed by the administrator of David Herring, to compel the defendants to interplead and settle their respective claims to the estate in his hands.
*563 The deceased was never married, and died intestate, leaving both real and personal estate.
The defendants, Mrs. Draughn, Mrs. Hannum, and Mrs. Clark, are admitted to be the legitimate full sisters of the deceased.
Mrs. Duncan and Mrs. Bigbee claim to be the same, but that is disputed by the other defendants, and the bill charges that they are tlie illegitimate children of the same mother.
This is the question of fact, as to which, the proof brings us to conclusion that the charge in the bill is sustained, and that they are illegitimate.
The legal question is, whether, as such, they can inherit from a legitimate half brother. If they can, it must be by some Statute. By the common law, they are clearly excluded: 3 Kent, 413; 9 Hump., 460. They have no inheritable blood, and can neither talce nor transmit by descent.
The Act of 1819, ch. 13, and 1851, ch. 39, incorporated into the Code, sec. 2423, change the common law in the cases therein specified. The case there provided for, embracing this question, is, that when an illegitimate dies intestate, without wife or children, or mother, living, then his estate shall go “ equally to his brothers and sisters, by his mother, or the descendants of such brothers or sisters.”
We have had two cases under this Statute. In Riley vs. Byrd, 3 Head, 20, we held that the lawful issue of the same mother took equally with the unlawful brothers and sisters of the illegitimate deceased intestate.
The case of Webb vs. Webb, p. 69, of the same book, does not touch this question.
*564 Now, it will be seen that these Statutes apply alone to the case of an illegitimate decedent, and only changes the existing law of descents and distributions in relation to their estates. But this is the case of a legitimate’s estate. The common law-rule must prevail as to that, as there has been no change by any Statute. We are not disposed to go beyond the Legislature in removing the checks upon illicit intercourse, and the stigma from bastardy. The cause of good morals forbids it.
The decree will be reversed, and Mrs. Duncan and Mrs. Bigbee excluded from the inheritance.